IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PREVIN WAYNE ORANGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 05-0567-WS |
| v. ) | |
| ) | CRIMINAL ACTION NO. 03-0074-WS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to vacate brought pursuant to 28 U.S.C. § 2255. (Doc. 96). The parties have filed briefs in support of their respective positions, (Docs. 97, 100, 101), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion to vacate is due to be denied.

**BACKGROUND**

The petitioner was charged with conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, as well as with two substantive counts. The defendant pleaded guilty to the conspiracy count, pursuant to a plea agreement. (Doc. 37). That agreement contained two provisions of special interest to this motion.

First, the petitioner agreed to cooperate with the respondent as more specifically spelled out in the plea agreement. In return, the respondent agreed to move for a downward departure:

> [i]f the defendant provides full, complete, truthful and substantial cooperation to the United States which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, *a decision specifically reserved by the United States in the exercise of its sole discretion*. ... If the defendant's effort to cooperate with the United States does not amount to substantial assistance *as determined by the United States*, the United States agrees to recommend to the district court judge who sentences the defendant that the defendant receive a sentence at the low end of the applicable guideline range.

(Doc. 37, ¶ 18 (emphasis added)).

Second, the petitioner, "[w]ith the limited exceptions noted below, waives his right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral

attack, including but not limited to, a motion brought under Title 18, United States Code, Section 2255." (Doc. 37, ¶ 21).[1]

Even without a downward departure for substantial cooperation, the respondent's guideline range apparently was 63-78 months. (Doc. 97 at 5-6). However, the minimum sentence mandated by Congress for the offense to which the petitioner pleaded guilty was ten years. 21 U.S.C. § 841(b)(1)(A). The Court therefore sentenced the respondent to 120 months imprisonment. (Doc. 68 at 10).

On appeal, the petitioner complained that the respondent violated the plea agreement by not moving for a downward departure. The Eleventh Circuit rejected the argument because the plea agreement gave the respondent the "sole discretion" to determine whether the conditions for a motion for downward departure were satisfied, and because the Court is precluded from evaluating the assistance rendered by a cooperating defendant until and unless the government moves for a downward departure. (Doc. 89).

The petitioner then sought a writ of certiorari. The Supreme Court denied certiorari on October 4, 2004. *Orange v. United States*, 543 U.S. 883 (2004).

### CLAIMS PRESENTED

The petitioner's motion presents the following two claims:

- That his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005);
- That his guilty plea was not made knowingly and voluntarily because the respondent failed to move for a downward departure based upon his substantial assistance.

(Doc. 96 at 4; Doc. 97 at 2).

### DISCUSSION

---

[1] The exceptions were for a sentence above the statutory maximum, a sentence constituting an upward departure from the guidelines, and a claim of ineffective assistance of counsel. (*Id.*, ¶ 22).

**A.  *Booker* Claim.**

"Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989).  The Eleventh Circuit has held that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *United States v. Varela*, 400 F.3d 864, 867-68 (11th Cir. 2005).

*Booker* was decided on January 12, 2005.  Although the meaning of "finality" varies depending on the context, "[h]ere, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning:  Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).[2]  Because the Supreme Court denied certiorari on October 4, 2004, the respondent's conviction became final at that time, three months before *Booker*.  Under *Varela*, that timing precludes the respondent from asserting a *Booker* claim.

The petitioner suggests that *Varela* and like cases apply only when a petitioner raises a Sixth Amendment challenge under *Booker* that he was sentenced under a mandatory scheme based on enhancing facts found by the court rather than by a jury beyond a reasonable doubt. The petitioner notes that he does not make such a challenge but complains only that the Court treated the guidelines as mandatory rather than advisory.  (Doc. 101 at 4).  This is what the Eleventh Circuit terms "statutory error," as distinguished from the "constitutional error" of employing extra-verdict enhancements to fashion a mandatory guidelines sentence.[3]

---

[2]Although *Clay* specifically involved the finality of a federal conviction for purposes of starting the one-year limitations period of Section 2255, it relied on a number of Supreme Court cases standing for the proposition that "[a] state conviction and sentence become final for purposes of retroactivity analysis" at these points. *E.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).  Unsurprisingly, the Eleventh Circuit has applied the same rule in determining when a federal conviction becomes final for retroactivity purposes. *United States v. Swindall*, 107 F.3d 831, 835 (11th Cir. 1997).

[3]*E.g., United States v. Cain*, 433 F.3d 1345, 1347 (11th Cir. 2005).  The petitioner repeatedly describes his *Booker* claim in terms that limit his claim to one of statutory error.

It is unclear whether *Varela*, which itself involved a Sixth Amendment challenge, extends to pure statutory error as asserted here. The parties have not addressed the issue, and the Court finds no clear guidance. The Court does note that, even if *Varela* neither controls nor supplies the governing retroactivity analysis, retroactivity must still be established under the applicable test, and the petitioner has neither identified nor applied any such standard.

Moreover, the petitioner's limitation of his *Booker* claim to one of statutory error suggests a further deficiency in the claim. "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998)(internal quotes omitted). It is difficult to see how a judge's treatment of the guidelines as mandatory of itself results in a complete miscarriage of justice or violates rudimentary demands of fair procedure, especially when (as discussed below) the sentence imposed is the minimum sentence that Congress allows.

Even were the petitioner's statutory *Booker* claim otherwise cognizable, the Court sentenced the petitioner to the minimum sentence allowed by statute for a defendant, such as the petitioner, convicted of conspiring to possess with intent to distribute more than 50 grams of crack cocaine. The Eleventh Circuit has repeatedly held that, "[a]fter *Booker*, district courts remain bound by statutory minimum sentences." *United States v. McLaughlin*, 2005 WL 3579265 at *1 n.1 (11th Cir. 2006); *accord United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Thus, "any statutory *Booker* error in this case was harmless because the court could not have imposed a lesser sentence due to the statutory minimum." *United States v. Gibson*, 149 Fed. Appx. 931, 934 (11th Cir. 2005); *accord United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005); *United States v. McLaughlin*, 2005 WL 3579265 at *1 n.1; *United States v. Bass*, 156 Fed. Appx. 167, 171 n.4 (11th Cir. 2005).

### B. Knowing and Voluntary Plea.

The respondent argues that this claim is precluded by the sentence appeal waiver within

---

(Doc. 96 at 4; Doc. 97 at 6-7; Doc. 101 at 4).

the petitioner's plea agreement. (Doc. 100 at 15). The petitioner's claim, however, attacks not his sentence but his guilty plea. *See United States v. Steele*, 155 Fed. Appx. 455, 456 (11th Cir. 2005)(under an appeal waiver with substantively similar language, "Steele waived the right to appeal his sentence, but did not waive the right to attack the plea agreement itself.").

The respondent also argues that the petitioner's claim was raised and disposed of on direct appeal. (Doc. 100 at 15).[4] Although similar, the petitioner's claims are not identical. On direct appeal, the petitioner argued that the respondent breached the plea agreement by not moving for a downward departure. On motion to vacate, the petitioner argues that, regardless of whether the plea agreement actually obligated the respondent to move for a downward departure, "[h]e was under the false impression that the government was [in fact] going to move" for such a departure. (Doc. 97 at 9). While "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory,"[5] the respondent has not invoked that principle here, and the Court will not endeavor without assistance to determine whether the petitioner's claim falls within its purview.[6]

The respondent's third argument, however, hits the mark. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2005). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Id*. (emphasis in original). "[T]o

---

[4]*See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)("[O]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.")(internal quotes omitted); *accord Hidalgo v. United States*, 138 Fed. Appx. 290, 291 (11th Cir. 2005).

[5]*United States v. Nyhuis*, 211 F.3d at 1343.

[6]To the extent the petitioner suggests the respondent "failed in their [sic] part of this Agreement" by not moving for a downward departure, (Doc. 101 at 7), he does simply repeat his appellate argument that "the government violated the plea agreement by refusing to file a motion for a downward departure." (Doc. 89 at 3). To this extent, his claim plainly is barred.

show cause for procedural default, [a petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Id*. at 1235. "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 1234.

The petitioner concedes that he did not raise on direct appeal any argument that his plea was involuntary or unknowing. (Doc. 101 at 5). He further acknowledges that he is bound by the "cause and prejudice" standard. (*Id*.). Nevertheless, he makes no attempt to identify any cause, legally cognizable or otherwise, for his failure on direct appeal to challenge his plea as unknowing and involuntary. Nor does he invoke the actual innocence exception to the cause-and-prejudice standard. Accordingly, his claim is barred by procedural default.

The petitioner would not succeed on the merits of his claim even if those merits could be reached. He complains that the plea agreement gave a "strong indication" or "perceived promise" that the respondent would move for a downward departure as long as he "was willing to give them information regarding to [sic] the apprehension and prosecution of other individuals." (Doc. 97 at 4). He concludes that he pleaded guilty "under the false impression that the government was going to move the court for a downward departure based on his substantial assistance." (*Id*. at 9).

"To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Bright*, 2006 WL 14584 at *1 (11th Cir. 2006) (internal quotes omitted). The petitioner's claim implicates only the third of these concerns. In particular, he avers that he did not understand that the respondent, rather than himself, would be the sole arbiter of whether he had provided sufficient assistance to warrant a motion for downward departure.

The petitioner does not allege that his understanding is based on anything he was told, whether by the respondent or by his own attorney. Instead, he says that the wording of the plea agreement itself caused his misapprehension. In fact, the pellucid language of the agreement

negates his argument. The quoted excerpt from paragraph 18, and in particular the italicized portion, explicitly places the decision as to whether substantial assistance has been provided exclusively in the hands of the respondent; there is no room for any other possible interpretation of the plain language employed. The provision is, as the Eleventh Circuit implicitly held, unambiguous.

An ambiguous provision of a plea agreement must be read against the government, because a plea encompasses the waiver of important rights and the defendant must be adequately warned about the consequences of his plea. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990). The necessary corollary is that an unambiguous provision does provide adequate warning of the consequences. Moreover, the petitioner affirmed at the Rule 11 hearing that: (1) he had read the entire plea agreement, including this section; (2) he had thoroughly discussed it with his attorney, with whose advice he was fully satisfied; (3) he understood the provisions of the plea agreement; and (4) there were no promises other than those expressed therein. (Doc. 75 at 6, 8). The petitioner's guilty plea was not rendered unknowing or involuntary simply because he allegedly failed to grasp the meaning of a patently clear term.

## CONCLUSION

For the reasons set forth above, the petitioner's motion to vacate is **denied**.

DONE and ORDERED this 16th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
